# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-139-DCK

| | |
|---|---|
| ANGELA SPAIN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel And Motion For Sanctions" (Document No. 50). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the pending motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Angela Spain ("Plaintiff") filed this action on March 24, 2010. (Document No. 1). "Plaintiff's Second Amended Complaint" (Document No. 22) was filed on August 26, 2010, asserting claims for: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964; (2) Unfair & Deceptive Trade Practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*; and (3) wrongful discharge. On January 27, 2011, the undersigned held a status and motions hearing; at the conclusion of that hearing the undersigned issued an oral order granting Defendant's "Motion To Dismiss Second Amended Complaint" (Document No. 23) as to the unfair and deceptive trade practice claim, and denying the motion as to the retaliation and wrongful discharge claims.

On February 17, 2011, case deadlines were revised as follows: Discovery - November 11, 2011; Mediation - November 15, 2011; Motions - December 1, 2011; and Trial - April 2012.

(Document No. 35). On July 18, 2011, the undersigned issued an "Order" (Document No. 49) denying Defendant's "Motion For Protective Order" (Document No. 49), which had sought to limit further discovery in this matter.

The pending "Motion To Compel And Motion For Sanctions" (Document No. 50) was filed October 21, 2011. Defendant's "Response In Opposition To Plaintiff's Motion To Compel/Motion For Sanctions" (Document No. 55) was filed on November 14, 2011. "Plaintiff's Response In Opposition To Defendant's Response To Motion To Compel/Motion For Sanctions" (Document No. 57) was filed November 28, 2011.[1] As such, the pending motion is now ripe for review.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 37(a), Plaintiff's "Motion To Compel And Motion For Sanctions" seeks an order compelling Defendant "to produce all documents requested by Plaintiff's counsel per the additional discovery request of August 23, 2011" and for sanctions "for unreasonably delaying the discovery process." (Document No. 50). As an initial matter, the undersigned notes that Plaintiff's motion fails to show that the requirement of consultation was met pursuant to Local Rule 7.1(B) and Fed.R.Civ.P. 37(a)(1). Plaintiff has been previously advised of the Local Rules' requirement of consultation and encouraged to attempt to resolve discovery disputes without Court intervention. (Document No. 48, p.5; Document No. 49, p.2, n.1). The instant motion also fails to include a contemporaneously filed brief as required by Local Rule 7.1(C).

Plaintiff's pending motion concludes that "Defendant has been evasive and incomplete in the production of requested documents." (Document No. 50). Although Plaintiff attached her "additional request for production of documents" (Document No. 50-1), the motion fails to show

---

[1] "Plaintiff's Response..." (Document No. 57) was properly construed by the Clerk's office as a "Reply." See Local Rule 7.1 (E).

how Defendant responded to those requests, which responses Plaintiff alleges are evasive and/or incomplete, and why she believes certain responses are deficient.  Id.

Defendant's "Response In Opposition..." contends that Plaintiff's current motion is "wholly baseless as a substantive and procedural matter." (Document No. 55).  Defendant notes the defects identified above in Plaintiff's motion, and also argues that the underlying additional discovery requests are, at least in part, "irrelevant, ridiculously broad in scope, previously addressed in earlier discovery responses, and/or generally intended to harass."  Id.  The brief in response attached "Defendant's Initial Disclosures" (Document No. 55-1) and "Defendant's Response To Plaintiff's Additional Request For Production Of Documents" (Document No. 55-2).

Plaintiff's reply brief (Document No. 57) notes in pertinent part Defendant's argument that Plaintiff has failed to identify which responses are deficient;  however, Plaintiff still declines to specifically identify the deficiencies.  (Document No. 57, p.3).  Instead, Plaintiff makes the conclusory assertion that "not a single one of the 12 requests was complete."  Id.

Based on the foregoing, the undersigned declines to express an opinion on whether Defendant has met all of its discovery obligations.  Moreover, where the movant refuses to abide by the Federal and Local Rules' requirements to confer, is unwilling or unable to specifically identify the responses it contends are deficient, and fails to fully articulate why the responses are alleged to be deficient, the undersigned will deny a motion to compel and for sanctions.  To the extent Defendant can supplement its "...Response To Plaintiff's Additional Request For Production Of Documents" (Document No. 55-2), it shall do so immediately.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel And Motion For Sanctions" (Document No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadlines in this case are revised as follows:

    Dispositive Motions        **January 6, 2012**;

    Trial Term        **May 7, 2012**.

**SO ORDERED**.

Signed: December 12, 2011

David C. Keesler
United States Magistrate Judge